Filed 4/16/21  P. v. Rodriguez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN EULOGIO RODRIGUEZ,<br><br>Defendant and Appellant. | F080904<br><br>(Super. Ct. No. CRF54746)<br><br>**OPINION** |

---

## THE COURT[*]

APPEAL from an order of the Superior Court of Tuolumne County.  Donald I. Segerstrom, Jr., Judge.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P.J., Poochigian, J. and Peña, J.

Defendant Juan Eulogio Rodriguez pled guilty to felony possession of marijuana in a prison in violation of Penal Code section 4573.6. He later petitioned for resentencing or dismissal of his conviction pursuant to section 11361.8 of the Health and Safety Code[1] and Proposition 64, contending that the offense had been decriminalized because he possessed less than 28.5 grams of marijuana not in the form of concentrated cannabis. The trial court recognized that California Courts of Appeal have split on the issue. (Compare *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*) [Proposition 64 did not decriminalize possession of cannabis in prison], review denied June 12, 2019, S255148 with *People v. Raybon* (2019) 36 Cal.App.5th 111 (*Raybon*) [Proposition 64 decriminalized possession of less than 28.5 grams of marijuana in prison], review granted Aug. 21, 2019, S256978.) The trial court agreed with *Perry* and denied his motion. Defendant contends that was error. We agree with the trial court and we therefore affirm.

## PROCEDURAL SUMMARY

On October 31, 2017, the Tuolumne County District Attorney charged defendant with felony possession of contraband (marijuana) in prison (Pen. Code, § 4573.6; count 1). The complaint further alleged that defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(j), 1170.12, subds. (a)–(d)).

On December 13, 2017, defendant pled guilty on count 1 and admitted having suffered a prior strike conviction. In exchange for his guilty plea, defendant was to receive a term of four years' imprisonment (the low term of two years doubled due to the prior strike conviction).

On January 18, 2018, the trial court imposed the agreed-upon sentence.

---

[1] All further statutory references are to the Health and Safety Code unless otherwise stated.

On December 2, 2019, defendant filed a petition for resentencing or dismissal pursuant to section 11361.8, subdivision (b).  On February 18, 2020, the court denied defendant's petition.

On March 4, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY

In August 2017, while defendant was an inmate at Sierra Conservation Center, a prison in Tuolumne County, he was found in possession of 1.23 grams of marijuana.

## DISCUSSION

Defendant relies on *Raybon*, *supra*, 36 Cal.App.5th at page 113, review granted, for the proposition that Proposition 64 modified Penal Code section 4573.6 such that possession of less than 28.5 grams of marijuana in prison is no longer criminal.  The People respond that we should instead accept the reasoning of *Perry*, *supra*, 32 Cal.App.5th at page 887, for the proposition that Penal Code section 4573.6 was unaffected by Proposition 64.  We find *Perry* more persuasive.

Penal Code section 4573.6 provides in relevant part:  "Any person who knowingly has in his or her possession in any state prison … any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code, … without being authorized to so possess the same by the rules of the Department of Corrections, rules of the prison …, or by the specific authorization of the warden … is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years."  (Pen. Code, § 4573.6, subd. (a).)

As *Perry* and *Raybon* both note, Proposition 64 added section 11362.1, which "affirmatively legalized" possession of less than 28.5 grams of marijuana by a person age 21 or older, except in certain circumstances.  (*Perry*, *supra*, 32 Cal.App.5th at pp. 889–890; accord, *Raybon*, *supra*, 36 Cal.App.5th at p. 114, review granted;

§ 11362.1;**2** see § 11357, subd. (b)(2) [possession of more than 28.5 grams of marijuana by a person age 18 years or older is a misdemeanor].)  That decriminalization was designed to also apply to those already serving sentences for offenses decriminalized by Proposition 64.  To that end, Proposition 64 added section 11361.8, which created a mechanism for those serving a sentence to petition for recall or dismissal of the sentence.

As we have noted, Proposition 64 did not decriminalize marijuana use and possession in all circumstances.  Relevant here, Proposition 64 added section 11362.45 which limits the application of section 11361.1 in prisons:  "Section 11362.1 does not amend, repeal, affect, restrict, or preempt …  [¶] … [¶]  [l]aws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation …."  (§ 11362.45, subd. (d).)  After much discussion, the *Perry* court found that, "[w]hile section 11362.45, subdivision (d), does not expressly refer to 'possession,' its application to possession is implied by its broad wording—'[l]aws *pertaining to* smoking or ingesting cannabis.' "  (*Perry*, *supra*, 32 Cal.App.5th at p. 891, italics added by *Perry*); see *id*. at pp. 894–895 [to the extent Proposition 64 created any ambiguity regarding possession of marijuana in prison, the fact that the official voter guide made no mention of the act impacting the prohibition on possession of marijuana in prison suggests the electorate did not intend to decriminalize it].)  On that basis, it concluded that a defendant convicted of an offense pursuant to Penal Code section 4573.6 for possession of marijuana in prison is not entitled to relief pursuant to section 11361.8.

---

**2**    Section 11362.1, subdivision (a) reads, in relevant part as follows:  "Subject to Sections 11362.2, 11362.3, 11362.4, and 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to:  [¶] Possess … not more than 28.5 grams of cannabis not in the form of concentrated cannabis …."

4.

The *Raybon* court rejected the reasoning of *Perry*, instead concluding that the plain language of section 11362.45, subdivision (d) unambiguously only excluded from decriminalization " 'smoking[,] ingesting[,]' " and otherwise consuming marijuana in prison. (*Raybon*, *supra*, 36 Cal.App.5th at p. 122, review granted.) It explained that the—"[l]aws *pertaining to* smoking or ingesting cannabis"—language of section 11362.45, subdivision (d) is designed to "describe the vast array of means of *consumption*" or *use* of cannabis. (*Raybon*, at p. 122 (italics added).) It does not suggest that the "distinct activity" of *possessing* marijuana remains a criminal activity in a prison. (*Id*. at p. 121.) It reasoned that if the electors intended to prevent possession of cannabis in prison it would have expressly used the word "possession", as was done elsewhere in Proposition 64. (*Raybon*, at pp. 121–122, citing § 11362.3, subd. (a)(5).) The *Raybon* court also considered and rejected the Attorney General's argument that its reading of the statute would amount to an absurdity. (*Raybon*, *supra*, 36 Cal.App.5th at pp. 123–124, review granted.) It explained that allowing prisons to punish possession of marijuana by prisoners through prison rule violations rather than criminally is not absurd. (*Ibid*.) The *Raybon* court therefore concluded that, while smoking, ingesting, or otherwise consuming marijuana in prison remained illegal, possession of marijuana in prison was decriminalized by Proposition 64.

Along with our colleagues in the Fourth and Sixth Districts, we find *Perry* the more persuasive opinion and conclude that Proposition 64 did not decriminalize possession of marijuana in prison. (*People v. Herrera* (2020) 52 Cal.App.5th 982, 994–995; *People v. Whalum* (2020) 50 Cal.App.5th 1, 6–15.) On that basis, we conclude that the trial court properly denied defendant's petition.

## DISPOSITION

The order is affirmed.